# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1135V
### Filed: September 25, 2017
UNPUBLISHED

|  |  |
|---|---|
| MARK DAVID LUNDIN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Paul D. Bekman, Bekman, Marder & Adkins, LLC, Baltimore, MD, for petitioner.*
*Ann Donohue Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 13, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") following influenza ("flu") vaccinations on September 25, 2013. On May 26, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 22.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 10, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 27.)  Petitioner requests attorneys' fees in the amount of $17,103.60[3] and attorneys' costs in the amount of $1,239.01. (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  Thus, the total amount requested is $18,342.61.

On July 21, 2017, respondent filed a response to petitioner's motion. (ECF No. 29.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply. However, on August 9, 2017, the undersigned ordered petitioner to file invoices and receipts supporting the requested costs as well as an affidavit addressing the basis for counsel's requested rate. (ECF No. 30.)  On August 30, 2017, petitioner's counsel filed, along with the required invoices, an affidavit explaining that this is his first vaccine case, but noting that he has been admitted to practice law since 1972. (ECF No. 31.)  Mr. Bekman stressed his quality of work in the case as well as the fact that his typical rate for complex civil litigation is higher than what is awarded in Vaccine Act cases.[4] (*Id.*)

---

[3] Petitioner's motion requested $19,048.30 in attorneys' fees.  This is also the total listed on counsel's billing records.  (ECF No. 27-1, p. 4.)  Upon the undersigned's review, however, counsel's billing records are entirely miscalculated based on the billing rates identified (i.e. $440 per hour for Mr. Bekman and $148 per hour for law clerks and paralegals). (*Id.*, p. 5.)  First, there are several isolated discrepancies.  For example, on February 5, 2016, Mr. Bekman billed 2 hours, but only charged $440.00, the amount due for one hour of work. (*Id.*, p. 1.)  Mr. Bekman failed to include any dollar amount for .75 hours of billing on February 22 and 26, 2016. (*Id.*, p. 2.)  Additionally, there are systematic errors in the billing records.  For example, Mr. Bekman consistently charged $73.34 for 0.1 hours of work, $146.66 for 0.2 hours of work, and $220.00 for 0.3 hours of work when these billings should have been $44.00, $88.00, and $132.00 respectively.  Similar errors occurred throughout the law clerk and paralegal billing as well.  Upon the undersigned's review, only 20 out of 85 billing entries were correctly calculated.  The undersigned finds that petitioner's counsel billed 18.65 hours in 2016 and 10.4 hours in 2017.  At a requested rate of $440 per hour, this amounts to $12,782.00.  Additionally, Mr. Bekman's paralegals and law clerks collectively billed 18.8 hours in 2016 and 10.4 hours in 2017. At a requested rate of $148 per hour, this amounts to $4,321.60.  Thus, the total amount billed in this case is $17,103.60.  The undersigned expects counsel to use greater care in future.

[4] In the August 30 Scheduling Order, the undersigned ordered counsel to discuss the factors previously discussed in *McCulloch v. Sec'y of Health and Human Servs.*, No. 09-293V, 2015 WL 5634334, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Citing the highest rate awarded in *McCulloch* ($425 per hour), counsel averred that his rate for complex civil litigation is 20% higher.  *But see Garrison v. HHS*, No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec Mstr. April 29, 2016), *aff'd* 2016 WL 4784054, --- Fed. Cl. --- (Fed. Cl. Aug. 17, 2016) (noting that prevailing party fee shifting paradigms are not directly comparable to the Vaccine Act and applying an 18.3% risk premium reduction when using federal district court cases to

Petitioner seeks an hourly rate of $440 per hour for all of the work Mr. Bekman performed in this case during 2016 and 2017.  Additionally, petitioner requests a rate of $148 for all paralegal and law clerk work performed during the same period. (ECF No. 27-1.)  This represents the maximum compensation available under the Office of Special Masters Attorneys' Forum Hourly Rate Fees Schedule: 2017.[5]  However, Mr. Bekman has no prior experience with Vaccine Program cases. Based on Mr. Bekman's minimal experience in the Vaccine Program, the undersigned finds a rate of $385.00 per hour is appropriate for work performed prior to 2017, and $395 for work performed in 2017.  See *McCulloch v. HHS*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that vaccine attorneys with over 20 years of experience should receive between $350 and $415 per hour, and further noting that higher rates should be reserved for attorneys with significant vaccine experience). *Accord Johnson v. HHS*, No. 15-602V, 2017 WL 4210578 (Fed. Cl. Spec. Mstr. June 26, 2017) (reducing an attorney barred in 1972 from a requested rate of $415 per hour to $385 per hour for work performed in 2016 due to lack of prior vaccine experience).  Additionally, the undersigned reduces the paralegal and law clerk rates to $145 for 2016.  Adjusting these rates results in a reduction of $1,550.15.[6]

Additionally, the undersigned notes that in February of 2016, Mr. Bekman billed 4 hours researching the Vaccine Rules and reviewing the guidelines for practicing under the National Vaccine Injury Compensation Program.  Additionally, Mr. Bekman billed .8 hours in February and March of 2016 gathering letters of good character and preparing his admission to the Court of Federal Claims.  (ECF No. 27-1, pp. 1-2.)These 4.8 hours are not compensable.  It is well established that attorneys may not be compensated for professional development concerning the Vaccine Program. *See, e.g., Lord v. HHS*, No. 12-255V, 2016 WL 3960445, at *4 (Fed. Cl. Spec. Mstr. June 30, 2016).   Thus, the undersigned further reduces attorneys' fees by $1,848.00.[7]

---

determine a reasonable local rate for vaccine work).  Counsel also stressed that *McCulloch* itself predates the work performed in this case.

[5] The undersigned notes that in the initial fee motion, counsel cited the Office of Special Masters Attorneys' Forum Hourly Rate Fees Schedule: 2017 as the basis for the requested rate.  The 2017 Fee Schedule made upward adjustments to the *McCulloch* rates consistent with the Producer Price Index for Offices of Lawyers.  However, counsel did not discuss the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016, which adopted the *McCulloch* rates for calendar years 2015 and 2016, and would therefore be applicable to the earlier work performed in this case.  Under the 2015-2016 Fee Schedule, the maximum rate for an attorney with 31+ years of experience is $430 per hour and the maximum paralegal rate is $145 per hour.  Both Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[6] ($440 per hour - $385 per hour)*18.65 hours + ($440 per hour - $395 per hour)*10.4 hours + ($148 per hour - $145 per hour)* 18.8 hours = $1,550.15

[7] 4.8 hours*$385 per hour = $1,848.00

Finally, in light of the extensive recalculation of counsel's billing records required to resolve this fee application due to counsel's erroneous billing records (*see* n.3, *supra*), the undersigned will not compensate counsel for the two hours he billed for "review and editing of Motion for Attorneys' Fees and Costs." (ECF No. 27-1, p. 4.) Given the resulting work product, petitioner's application fails to establish that hours spent reviewing the application were reasonably billed.  This results in a reduction of $790.00.[8]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  For the reason described above, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amount of $14,154.46.

**Accordingly, the undersigned awards the total of $14,154.46[9] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Paul D. Bekman, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] $395 per hour*2 hours = $790

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.